# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

NOV - 5

ANTHONY RASHON ROBERTS, SR., )
                                           )
        Petitioner,             )
                                           )
v.                                        )        No. CIV 10-280-RAW-KEW
                                           )
JOSEPH TAYLOR, Warden,         )
                                         )
        Respondent.           )

## OPINION AND ORDER
## DENYING MOTION FOR APPOINTMENT OF COUNSEL
## AND MOTION FOR ORIGINAL RECORDS AND TRANSCRIPTS

Petitioner has filed a motion requesting the court to appoint counsel in this matter [Docket #17]. He bears the burden of convincing the court that his claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The court has carefully reviewed the merits of petitioner's claim, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering petitioner's ability to present his claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Petitioner also has filed a motion for access to the original records and transcripts of his conviction in LeFlore County District Court Case No. CF-2008-310 [Docket #16]. He

asserts he needs the complete case record to present any meritorious issues in this habeas petition. He requests copies of the following documents:

1. Copy of all minute recorded records of file in the cases herein;
2. Copy of the entire preliminary hearing transcripts;
3. Copy of district [court] arraignment hearing transcripts;
4. Copy of sentencing transcripts; and
5. All other information and/or documents relating to said cause.

[Docket #16 at 2].

A review of the respondent's response to petitioner's amended petition, however, indicates all the documents pertinent to the petition have been submitted to the court. Petitioner is not constitutionally entitled to free transcripts or other documents to search for error. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

**ACCORDINGLY,** petitioner's motion for appointment of counsel [Docket #17] and his motion for access to original records and transcripts at public expense [Docket #16] are DENIED.

**IT IS SO ORDERED** this 5th day of November 2010.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**