# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**ANTHONY RASHON ROBERTS,**      )
                                 )
        Petitioner,           )
                                 )
v.                               )    **Case No. CIV 10-280-RAW-KEW**
                                 )
**JOSEPH TAYLOR, Warden,**       )
                                 )
        Respondent.           )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's second amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences in LeFlore County District Court Case Nos. CF-2008-260 and CF-2008-310, each for Second Degree Burglary. He sets forth the following grounds for relief:

    I.    Trial Counsel was ineffective in failing to timely respond to petitioner's letters prior to his *nolo contendere* plea and failing to consult with petitioner before the plea was entered.

    II.    New counsel was ineffective at the sentencing hearing, because he was appointed on the day of the hearing.

    III.    Counsel did not file a direct appeal after the sentencing hearing.

    IV.    The prosecutor, judge, and defense counsel spoke with one another in petitioner's absence.

    V.    False evidence was admitted at petitioner's revocation hearing.

    VI.    Petitioner received a stricter sentence as a first-time offender, based on his failure to successfully complete the Delayed Sentencing Program for Young Adults.

    VII.    Excessive sentence.

    VIII.    Insufficient evidence to support the convictions.

    IX.    Petitioner was sentenced solely on his "bad character" during probation.

    X.    Counsel did not properly investigate the case prior to entry of petitioner's plea.

XI. Counsel was allowed to resign, and new counsel was appointed, leading to prejudice and a miscarriage of justice.

XII. A white prisoner received a more lenient sentence than petitioner.

XIII. Petitioner was not sentenced for burglary, but for his bad character during probation.

The respondent has submitted the following records to the court for consideration in this matter:

A. Petitioner's written pleas of *nolo contendere* for his two cases.

B. The Judgments and Sentences for both cases.

C. Petitioner's application for post-conviction relief and the State's response.

D. Order denying petitioner's application for post-conviction relief. *State v. Roberts*, Nos. CF-2008-260 and CF-2008-310 (LeFlore County Dist. Ct. Mar. 8, 2010).

E. Petitioner's petition in error to the Court of Criminal Appeals, filed March 25, 2010.

F. Order Affirming Denial of Application for Post-Conviction Relief. *Roberts v. State*, No. PC-2010-268 (Okla. Crim. App. May 24, 2010).

G. Transcripts of petitioner's December 3, 2008, plea agreement and of his June 1, 2009, sentencing.

The record shows that on December 3, 2008, petitioner entered *nolo contendere* pleas to two counts of Second Degree Burglary in LeFlore County District Court Case Nos. CF-2008-260 and CF-2008-310, and he was placed in the Delayed Sentencing Program for Young Adults (DSPYA). *See* Okla. Stat. tit. 22, § 996.1; *State ex rel. Prater v. Dist. Ct. of Okla. County*, 188 P.3d 1281, 1284 (Okla. Crim. App. 2008) (explaining that the DSPYA is "a tool to allow the District Court to better evaluate its sentencing options with regard to a particular individual, taking the place of a pre-sentence investigation."). Following multiple rule violations, he was removed from the program and sentenced to two concurrent terms of six years' imprisonment, with the final two years of each sentence suspended. Petitioner did

not file a timely application to withdraw his pleas of *nolo contendere*, or file a *certiorari* appeal. In addition, he did not appeal the trial court's order removing him from DSPYA and sentencing him to a prison term.

On February 4, 2010, petitioner filed an application for post-conviction relief in the LeFlore County District Court, and the application was denied on March 8, 2010. He then appealed to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed the district court's denial of relief. *Roberts v. State*, No. PC-2010-268 (Okla. Crim. App. May 24, 2010).

**Grounds IV, V, VI, and VIII**

Petitioner filed his original petition in this case on July 1, 2010, and subsequently filed amended petitions on August 18, 2010, and December 13, 2010. The second amended petition added Ground IV (alleged conversation of prosecutor, judge, and defense counsel without petitioner present), Ground V (alleged false evidence admitted at revocation hearing), Ground VI (petitioner's sentence was stricter as a first-time offender because of his DSPYA failure), and Ground VIII (insufficient evidence to support the convictions). The respondent alleges these four grounds for relief are barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The respondent alleges that each of these four new claims is an entirely new claim that does not relate back to the original or first amended petition. The filing of a federal habeas petition does not toll the AEDPA's statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, an amended habeas petition may relate back to the original petition such that an untimely filed amended petition may nevertheless be deemed timely, "if and only if the original [petition] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (emphasis omitted)), *cert. denied*, 535 U.S. 973 (2002). Allowing a petitioner to add new claims that otherwise would be untimely "would be tantamount to judicial rescission of AEDPA's statute of limitations period." *Espinoza-Saenz*, 235 F.3d at 505.

These four claims all appear to attack the Judgment and Sentences entered against petitioner on June 1, 2009, when he was removed from the DSPYA and sentenced to terms of incarceration. To appeal a sentence in Oklahoma, a defendant must file a Notice of Intent to Appeal and Designation of the Record within ten days of the date the Judgment and Sentence is imposed. Rule 2.5(A), Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. The filing of a Notice of Intent to Appeal and Designation of the Record is jurisdictional, and failure to file within ten days of entry of the Judgment and Sentence constitutes waiver of the right to appeal. *Id*.

Here, petitioner did not file a Notice of Intent to Appeal his Judgement and Sentences within ten days. Therefore, the statutory year under the AEDPA began to run ten days after

entry of the Judgment and Sentences, or on June 11, 2009, and ended one year later on June 11, 2010. 28 U.S.C. § 2244(d). Petitioner's second amended habeas petition was filed on December 13, 2010, or 185 days after the statutory year expired.

On February 4, 2010, petitioner filed his application for post-conviction relief in the LeFlore County District Court, and the OCCA affirmed the trial court's denial of post-conviction relief on May 24, 2010. Therefore, petitioner is entitled to 110 days of tolling with respect to these claims. 28 U.S.C. § 2244(d)(2). Even allowing for the statutory tolling, however, petitioner's petition was 75 days late.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). The court, however, finds that apart from his unsupported allegations, there is no evidence in the record to suggest he is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Grounds IV, V, VI, and VIII are barred by the statute of limitations. 28 U.S.C. § 2244(d).

**Grounds I, IX, X, and XIII**

In Grounds I and X petitioner alleges his trial counsel was ineffective in failing to respond to correspondence, investigate the case, or consult with him prior to entry of the pleas. He complains in Grounds IX and XIII that he was improperly removed from DSPYA and sentenced, based on his "bad character" during probation. The respondent asserts none of these claims has been exhausted in the state courts, and the claims are subject to an anticipatory procedural bar, because all grounds for relief filed in post-conviction proceedings must be raised in the petitioner's first application for post-conviction relief. *See* Okla. Stat. tit. 22, § 1086. The Tenth Circuit has acknowledged Oklahoma's consistent application of the "waiver" rule in appellate proceedings and that the OCCA's procedural bar rests on an adequate and an independent state ground. *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993).

5

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction, until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose*, 455 U.S. at 510 (instructing a district court to dismiss without prejudice and to allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that if a court is concerned about the prisoner's meeting AEDPA's one-year filing requirement, and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Here, the court finds Grounds I, IX, X, and XIII are unexhausted and subject to an anticipatory procedural bar, because any attempt to present the claims in state court in another post-conviction application would be procedurally barred under state law. *See Cummings v. Sirmons*, 506 F.3d 1211, 1222-23 (10th Cir. 2007), *cert. denied*, 554 U.S. 907 (2008) (explaining anticipatory procedural bar); Okla. Stat. tit. 22, § 1086. The court further finds that petitioner has not met the requirements of a showing of cause and prejudice, so habeas relief cannot be granted on these claims.

**Grounds II, III, and XI**

Petitioner alleges in Grounds II and XI that his counsel was ineffective, because counsel who represented him at the plea proceedings was allowed to resign, and new counsel was appointed on the day of the sentencing hearing. In Ground III he asserts counsel for his sentencing was also ineffective in not filing a direct appeal. The OCCA found these claims were procedurally barred from post-conviction review. *Roberts*, No. PC-2010-268. Nonetheless, the court will address the issues on the merits, rather than analyze the procedural bar. *See Revilla v. Gibson*, 283 F.3d 1203, 1210-11 (10th Cir. 2002) ("[T]he claim may disposed of in straightforward fashion on substantive grounds. We therefore invoke our discretion to bypass complex issues of exhaustion and procedural bar to reject the

claim on the merits, which is also the course the district court followed.").

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

Petitioner alleges that on March 3, 2009, his counsel for the plea proceedings filed a Notice of Substitution of Counsel. No reason was given for counsel's resignation. Petitioner complains his sentencing counsel was ineffective and he was prejudiced, because counsel was not appointed until the day of sentencing. Sentencing counsel allegedly left the courtroom immediately after sentencing and failed to assist petitioner with a direct appeal.

The Supreme Court has not "fashion[ed] a per se rule requiring reversal of every conviction following tardy appointment of counsel or [held] that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel." *Chambers v. Maroney*, 399 U.S. 42, 54 (1970). This rule holds true even when the issues of the case are extremely complex. *See United States v. Cronic*, 466 U.S. 648 (1984) (holding young counsel who primarily practiced real estate law and had only 25 days to prepare for trial was not ineffective by virtue of his late appointment, even though the case was so complex that the government took four and one-half years to prepare for trial). *See also Curliss v. Maynard*, No. 90-6317, 1991 WL 73684, at *5 (10th Cir. May 6, 1991) (unpublished)

(holding that defense counsel in robbery trial who was appointed 20 minutes before trial commenced was not ineffective because of his limited trial preparation, because he was "a very experienced and competent attorney," and the facts of the case were relatively simple).

A review of the docket sheets in petitioner's cases shows sentencing counsel was appointed on March 3, 2009, not on the day of sentencing, to represent petitioner in the proceeding to determine whether he violated the terms of his probation. Petitioner testified he had received a copy of his RID Program report, he had reviewed it with counsel before the hearing, and he understood that he had failed the RID Program. (Sentencing Tr. at 7). He admitted he was present when other RID Program participants got in a fight and that he also had been charged with making a sexual threat during the program. *Id*. at 8-9. In addition, he was accused of having tattoo paraphernalia, using obscene language, possession of pornography, stealing food, taking an extra food tray in the chow hall, and wearing sagging pants. *Id*. at 9-10, 14-15, 18-19. In all, he said he probably had five misconducts while in the program, along with other lesser offenses. *Id*. at 13, 15.

Petitioner's counsel called another RID Program participant to testify in petitioner's defense. *Id*. at 20-24. The witness supported petitioner's version of the incident in which he was accused of sexual misconduct. *Id*. Counsel argued that, although petitioner had failed the program, he had not been caught with drugs in the program or caught injuring another participant. *Id*. at 26. Counsel also asked the court to consider a suspended sentence, with credit for time served. *Id*. 28.

The court stated that petitioner had "the most misconducts of any RID report that we have received in six years." *Id*. at 30. Particularly troubling was the fact that petitioner had gone into another program participant's locker without permission, given that his criminal charges were for two counts of burglary. *Id*. Based on the evidence and testimony presented in the hearing, the court found petitioner guilty and sentenced him to six years for each of the two charges, to run concurrently. *Id*. at 31, 34.

It is clear from the record that petitioner's counsel was not ineffective at the

9

sentencing hearing. Counsel had reviewed the RID Program report, called petitioner to testify about his version of the facts, and arranged for the testimony of an eyewitness to one of petitioner's more egregious rule violations, in an attempt to minimize petitioner's actions. Counsel also argued at length for leniency. After careful review, the court finds counsel was not ineffective, and petitioner has shown no prejudice. Grounds II and XI are meritless.

As for Ground III, the court finds counsel was not ineffective in failing to file an appeal. The court clearly informed petitioner of his right to appeal, and he acknowledged this information. *Id*. at 32. Furthermore, there is nothing in the record suggesting petitioner informed his attorney of a desire to pursue an appeal, and petitioner has raised no nonfrivolous grounds for appeal.

> We . . . hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See Strickland*, 466 U.S. at 690 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Ground III of this habeas petition fails.

**Ground VII**

Petitioner next claims his sentences are excessive. The OCCA applied a procedural bar to the claim, *Roberts*, No. PC2010-268, but this court will address the issue on the merits. *See Revilla*, 283 F.3d 1203, 1210-11.

> We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law. *See Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988); *see also Handley v. Page*, 398 F.2d 351, 352 (10th Cir. 1968). Generally, our review of a sentence ends once we determine the sentence is within the limitation set by statute. *See Vasquez v. Cooper*, 862 F.2d 250, 255 (10th Cir. 1988). In this case, the sentences [petitioner] received are within the statutory range of permissible punishment.

*Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001).

The record shows petitioner pleaded *nolo contendere* to two counts of Second Degree Burglary, in violation of Okla. Stat. tit. 21, § 1435 (2001). Under Oklahoma law, this offense carries a sentencing range of two to seven years. Okla. Stat. tit. 21, § 1436 (2001). Petitioner was sentenced to two terms of six years' imprisonment, running concurrently, with two years suspended. These sentences clearly were within the statutory range. Therefore, federal habeas corpus relief cannot be granted.

**Ground XII**

Finally, petitioner alleges the trial court discriminated him, based on his race, when he was removed from the DSPYA and sentenced to prison. He claims a Caucasian in the same program received a more lenient sentence of probation after completing 30 days of the RID Program. The OCCA found this claim was procedurally barred, *Roberts*, No. PC-2010-268, however, this court again will examine the merits.

The Tenth Circuit rejected similar claims in *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010). In that case the petitioner alleged that another Utah sex offender had been given a shorter sentence. *Id*. at 1215. The claim was rejected, because the petitioner's claims of racial and religious disparities in the Utah sentencing system were conclusory, and the petitioner had not identified any similarly-situated individual who had received "different or more beneficial treatment." *Id*.

Here, petitioner is comparing himself to the program participant who testified in petitioner's behalf at the sentencing hearing. (Docket No. 35 at 11; Sentencing Tr. 20).

11

Petitioner, however, does not allege the other participant had as many program infractions as petitioner or was otherwise in a similar situation with regard to his success or failure in the program. Instead, just as in *Straley*, petitioner's allegations of discrimination are conclusory. *See also Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (holding that petitioner's allegations were "too conclusory" to conduct equal protection analysis). This ground for habeas relief fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 13th day of August, 2012.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**